UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JOHN MARK FENTON,<br><br>                   Petitioner,<br>    v.<br><br>ISIDRO BACA, *et al.*,<br><br>                   Respondents. | Case No. 3:16-cv-00749-MMD-VPC<br><br>ORDER |

Petitioner has paid the filing fee. The Court has reviewed the petition for a writ of habeas corpus pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Petitioner will need to file an amended petition.

Petitioner was convicted of battery resulting in substantial bodily harm on a person 60 years of age or older, burglary, robbery of a person 60 years of age or older, and grand larceny of a motor vehicle. The Nevada Supreme Court affirmed his conviction on direct appeal. Petitioner then filed a post-conviction habeas corpus petition in the state district court. To the best of this Court's knowledge, that petition is still pending in the state district court.

Grounds 1 through 6 of the petition suffer from the same problem. In each ground, petitioner alleges both an error by the state courts and a claim of ineffective assistance of counsel. These are legally distinct claims, and they should be alleged in separate grounds. *See Kimmelman v. Morrison*, 477 U.S. 365, 374 (1986). Furthermore, petitioner appears to have not exhausted his available state-court remedies for the ineffective-

assistance claims, required by 28 U.S.C. § 2254(b), because in Nevada claims of ineffective assistance of counsel must be raised in a post-conviction habeas corpus petition, and that petition is still pending in the state district court. The Court will not require respondents to pick out which sentences in grounds 1 through 6 are not exhausted; it would be time consuming and prone to error. Petitioner will need to file an amended petition that keeps his claims of court error and his claims of ineffective assistance of counsel in distinct grounds.

For grounds 7 through 22 of the federal petition, petitioner incorporates by reference the grounds he raises in his supplemental post-conviction habeas corpus petition filed in the state district court. That supplemental state petition is attached as Exhibit B to the current federal petition. Because the state post-conviction proceedings are still pending, any claim that petitioner has raised only in those proceedings, and not before the Nevada Supreme Court on direct appeal, is unexhausted.

In ground 7, petitioner complains that his attorneys in his state post-conviction proceedings have failed to raise claims that his counsel in the criminal proceedings had a conflict of interest. Petitioner does not have a right of effective assistance of post-conviction counsel. *Coleman v. Thompson,* 501 U.S. 722, 752 (1991). If petitioner wants to present a claim that his counsel in the criminal proceedings had a conflict of interest, then in an amended petition he needs to remove any reference of post-conviction counsel's failure to raise that claim in the state habeas corpus petition.

Ground 11 has the same problem as grounds 1 through 6. Most of the ground alleges that the judge sentenced petitioner incorrectly. Then, at the very end, petitioner claims that appellate counsel failed to raise the issue on direct appeal. If petitioner is intending to present a claim of trial-court error and a claim of ineffective assistance of appellate counsel, then he needs to present them in separate grounds.

Ground 12 has the same problem as grounds 1 through 6. Most of the ground is a claim that a police officer behaved improperly, but interspersed with those allegations are

///

claims that trial counsel failed to bring out this information in trial. Again, petitioner needs to allege these claims in separate grounds.

Ground 13 has multiple problems. First, similar to grounds 1 through 6, 11, and 12, it contains both claims of prosecutorial misconduct and claims of ineffective assistance of counsel. Petitioner needs to allege these claims in separate grounds. Second, petitioner complains that his state post-conviction counsel did not allege this ground correctly. Petitioner does not have a right to effective assistance of post-conviction counsel, and he needs to omit this claim in the amended petition.

Ground 16 is a claim of ineffective assistance of post-conviction counsel. Petitioner does not have a right to effective assistance of post-conviction counsel, and he needs to omit this claim in the amended petition.

It is further ordered that the Clerk of the Court file the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

It is further ordered that the Clerk of the Court send petitioner a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 form with instructions. Petitioner will have thirty (30) days from the date that this order is entered in which to file an amended petition to correct the noted deficiencies. Neither the foregoing deadline nor any extension thereof signifies or will signify any implied finding of a basis for tolling during the time period established. Petitioner at all times remains responsible for calculating the running of the federal limitation period under 28 U.S.C. § 2244(d)(1) and timely asserting claims. Failure to comply with this order will result in the dismissal of grounds 1 through 7, 11, 12, 13, and 16 from this action.

It is further ordered that petitioner clearly title the amended petition as such by placing the word "AMENDED" immediately above "Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254" on page 1 in the caption, and Petitioner must place the case number, 3:16-cv-00749-MMD-VPC, above the word "AMENDED."

It is further ordered that the Clerk add Adam Laxalt, Attorney General for the State of Nevada, as counsel for respondents.

1    It is further ordered that the Clerk electronically serve upon respondents a copy of the petition and this order. Respondents' counsel must enter a notice of appearance herein within twenty (20) days of entry of this order, but no further response will be required from respondents until further order of the Court.

DATED THIS 17th day of July 2017.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE