# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JOHN MARK FENTON, | Case No. 3:16-cv-00749-MMD-CLB |
| Petitioner, | ORDER |
| v. | |
| ISIDRO BACA, *et al.*, | |
| Respondents. | |

The Court previously appointed counsel for Petitioner John Mark Fenton in this habeas corpus action. (ECF No. 12.) Counsel made an initial appearance for Fenton and moved for a stay. (ECF Nos. 13, 20.) On April 9, 2018, the Court granted the motion for stay. (ECF No. 21.) On August 3, 2023, this Court reopened this matter and gave Fenton 60 days to file his first-amended petition. (ECF No. 27.) On September 12, 2023, Fenton timely filed his first-amended petition and moved for leave to file a second-amended petition. (ECF Nos. 28, 30 ("Motion").) Respondents opposed the Motion, and Fenton replied. (ECF Nos. 32, 33.)

In his Motion, Fenton states that he filed his first-amended petition as a protective petition to ensure that all the claims would be preserved as timely filed. (ECF No. 30 at 2.) Fenton requests leave to file a second-amended petition so that he has a reasonable opportunity to prepare an amended petition that fully reflects counsel's considered judgment. (*Id.* at 3.) Fenton further requests that the Court waive the requirement of LR 15-1(a), which generally requires a party to attach the proposed amended pleading to a motion seeking leave of court to amend, explaining that the rule is ill-suited for this situation. (*Id.* at 4.)

Local Rule 15-1(a) states that a proposed amended pleading must be submitted with the motion for leave to amend unless otherwise permitted by the court. When the court appoints counsel to represent habeas corpus petitioners, as a matter of course it gives counsel leave to file an amended petition. The only difference here is that counsel is trying to file a petition before the one-year deadline to minimize the probability that grounds for relief would not relate back to a timely petition. The Court sees no reason to depart from its usual practice in habeas corpus cases of allowing amended petitions under these circumstances. Moreover, under Federal Rule of Civil Procedure 15(a)(2), a party may amend a pleading with the Court's leave, and "[t]he court should freely give leave when justice so requires."

The Court finds that there is good cause for Fenton to file a second-amended habeas petition, so the Court grants the Motion and waives the requirement of LR 15-1(a). This order does not, however, affect, in any manner, the operation of the statute of limitations in this case, and the Court does not mean in this order to convey any opinion whatsoever about when the limitations period expires (or expired).

It is therefore ordered that the Motion (ECF No. 30) is granted. Fenton has until and including November 30, 2023, to file a second-amended petition. In all other respects, the schedule for further proceedings set forth in the order entered August 3, 2023 (ECF No. 27) will remain in effect.

DATED THIS 28th day of September 2023.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE