UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JOHN MARK FENTON,<br><br>                Petitioner,<br>    v.<br><br>ISIDRO BACA, *et al.*,<br><br>                Respondents. | Case No. 3:16-cv-00749-MMD-CLB<br><br>ORDER |

Petitioner John Mark Fenton filed a counseled second amended petition for a writ of habeas corpus under 28 U.S.C. § 2254. (ECF No. 39 ("Second Amended Petition").) Currently before the Court is Respondents' motion to dismiss the Second Amended Petition. (ECF No. 55 ("Motion").)[1] For the reasons discussed below, the Court denies the Motion.

I.  **BACKGROUND**

According to the Nevada Supreme Court, "police arrested . . . Fenton for driving under the influence," and, after "[f]urther investigat[ing]," police found "that Fenton was driving the vehicle of a 71-year-old man found bleeding and injured at a nearby car wash." (ECF No. 29-8 at 2.) A jury found Fenton guilty of battery resulting in substantial bodily harm upon a person 60 years of age or older, burglary, robbery of a person 60 years of age or older, and grand larceny of a motor vehicle. (ECF No. 29-1.) Fenton was sentenced to an aggregate term of 6 to 22 years in prison. (*Id.*) Fenton appealed, and the Nevada Supreme Court affirmed on January 16, 2013. (ECF No. 29-4.) Following unsuccessful

---

[1]Fenton opposed the Motion (ECF No. 60), and Respondents replied (ECF No. 63).

petitions for rehearing and en banc reconsideration, remittitur issued on June 18, 2013. (ECF No. 29-5.)

Fenton filed a state habeas petition on May 29, 2014. (ECF No. 50-1.) The state court granted the petition, vacated Fenton's convictions, and ordered that the case be set for retrial. (ECF No. 29-6.) The State appealed, and the Nevada Supreme Court reversed and remanded. (ECF No. 29-8.) Following the remand, the state court denied the petition. (ECF No. 29-9.) Remittitur issued on July 7, 2023. (ECF No. 29-10.)

## II.   DISCUSSION

In his Second Amended Petition, Fenton raises the following grounds for relief: (1a) his trial counsel had a conflict of interest warranting relief under *Cuyler v. Sullivan*; (1b) his trial counsel had a conflict of interest warranting relief under *Strickland v. Washington*; (2) his trial counsel failed to present a mental health defense; and (3) he was denied his right to confrontation when the trial court allowed a law enforcement officer to testify about the victim's statements. (ECF No. 39.) Respondents argue that grounds 1b and ground 2 are unexhausted and/or procedurally barred and Fenton failed to develop the factual basis for ground 3. (ECF No. 55.) This Court will address these arguments in turn.

### A.   Exhaustion and Procedural Default

In ground 1b, Fenton alleges that his trial counsel had a conflict of interest warranting relief under *Strickland v. Washington*. (ECF No. 39 at 10.) And in ground 2, Fenton alleges that his trial counsel failed to present a mental health defense. (*Id*. at 12.) Respondents argue that grounds 1b and 2 are unexhausted and/or procedurally barred. (ECF No. 55 at 8.) Fenton acknowledges that these grounds are unexhausted. (ECF No. 60 at 2.) However, Fenton asserts that these grounds are technically exhausted and procedurally defaulted and that he can overcome the procedural defaults under *Martinez v. Ryan*. (*Id*.)

A claim may be considered procedurally defaulted if "it is clear that the state court would hold the claim procedurally barred." *Sandgathe v. Maass*, 314 F.3d 371, 376 (9th

Cir. 2002). Fenton would face several procedural bars if he were to return to state court. *See, e.g.*, NRS §§ 34.726, 34.810. Nevada has cause and prejudice and fundamental miscarriage of justice exceptions to its procedural bars, which are substantially the same as the federal standards. If a petitioner has a potentially viable cause-and-prejudice or actual-innocence argument under the substantially similar federal and state standards, then that petitioner cannot establish that "it is clear that the state court would hold the claim procedurally barred." *Sandgathe*, 314 F.3d at 376. For that reason, the courts in this district have generally declined to find a claim subject to anticipatory procedural default unless the petitioner represents that he would be unable to establish cause and prejudice in a return to state court. In such a case, the claim would generally be subject to immediate dismissal as procedurally defaulted, as the petitioner would have conceded that he has no grounds for exception to the procedural default in federal court.

However, a different situation is presented where the Nevada state courts do not recognize a potential basis to overcome the procedural default arising from the violation of a state procedural rule that is recognized under federal law. In *Martinez v. Ryan*, the Supreme Court held that the absence or inadequate assistance of counsel in an initial-review collateral proceeding may be relied upon to establish cause excusing the procedural default of a claim of ineffective assistance of trial counsel. *See* 566 U.S. 1, 9 (2012). The Nevada Supreme Court does not recognize *Martinez* as cause to overcome a state procedural bar under Nevada state law. *See Brown v. McDaniel*, 331 P.3d 867, 875 (Nev. 2014). Thus, a Nevada habeas petitioner who relies upon *Martinez*—and only *Martinez*—as a basis for overcoming a state procedural bar on an unexhausted claim can successfully argue that the state courts would hold the claim procedurally barred but that he nonetheless has a potentially viable cause-and-prejudice argument under federal law that would not be recognized by the state courts when applying the state procedural bars.

Here, Fenton advances only *Martinez* as a basis for excusing the anticipatory default of grounds 1b and 2. Accordingly, the Court considers grounds 1b and 2 to be

technically exhausted and procedurally defaulted. Because the analysis of cause[2] and prejudice to overcome the procedural defaults of grounds 1b and 2 are necessarily intertwined with the merits of grounds 1b and 2, the Court defers a determination of whether Fenton can overcome the procedural defaults of grounds 1b and 2 until the time of merits determination.

### B. Development of Factual Basis of Ground 3

In ground 3, Fenton argues that he was denied his right to confrontation when the trial court allowed a law enforcement officer to testify about the victim's statements. (ECF No. 39 at 14.) Within ground 3, Fenton discusses law enforcement's failure to investigate Randy Whitewater as a suspect. (*Id.*) Respondents argue that Fenton failed to develop the factual basis of his allegations regarding the police investigation of Whitewater, warranting the dismissal of ground 3 or the striking of the new evidence. (ECF No. 55 at 12.) Specifically, Respondents argue that Fenton's following contention contains new evidence: "The police, however, largely failed to investigate Whitewater or collect forensic evidence that may have identified him a[s] the assailant." (ECF No. 63 at 3 (quoting ECF No. 39 at 16).)

The Court acknowledges that "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011). However, the Court finds that Fenton is not attempting to expand the record. Rather, Fenton merely contends that the police failed to collect forensic evidence. This is argument, not the addition of new evidence. Accordingly, the Court declines to dismiss ground 3 or strike any alleged new evidence.

///

---

[2]Respondents argue that *Martinez* is inapplicable here because Fenton's state post-conviction counsel raised grounds 1b and 2 in state court but simply omitted them in Fenton's appellate briefing before the Nevada appellate courts. (ECF No. 63 at 3 (citing ECF No. 50-2).) However, because the state court granted Fenton's state habeas petition on a different ground, the State appealed the granting of relief on that ground to the Nevada appellate courts, and Fenton's answering briefing before the Nevada appellate courts only concerned the ground upon which relief was granted, this argument is tenuous and is best addressed during merits review.

### III. CONCLUSION

It is therefore ordered that Respondents' motion to dismiss (ECF No. 55) is denied.

It is further ordered that grounds 1b and 2 are technically exhausted and procedurally defaulted and consideration of whether Fenton can demonstrate cause and prejudice under *Martinez* to overcome the procedural defaults are these grounds is deferred until after the filing of an answer and reply in this matter.

It is further ordered that Respondents have until March 7, 2025, to file an answer to the Second Amended Petition. The remainder of the Scheduling Order (ECF No. 27) remains in effect.

DATED THIS 3rd Day of January 2025.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE